Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5781 | **DATE** | March 18, 2013 |
| **CASE TITLE** | Reginald M. Potts (2007-0085153) v. Sprint Nextel, Inc., et al. | | |

**DOCKET ENTRY TEXT**

The City of Chicago's and Gregory Jacobson's motion to dismiss [44] is granted. Plaintiff's complaint is dismissed with prejudice as untimely under the applicable statutes of limitations. Plaintiff's motion for leave to amend his complaint [51] is denied. Defendant Sprint Nextel, Inc.'s and Chezaray Hicks-Jackson's motions to dismiss [37], [40] are denied without prejudice as moot. This case is closed. The status hearing scheduled for May 2, 2013, is stricken.

■[For further details see text below.]                                                                                      Docketing to mail notices.

## STATEMENT

Plaintiff, Reginald M. Potts, a pretrial detainee at Cook County Jail, brought this *pro se* civil rights action alleging violations of his constitutional rights and the Stored Communications Act (SCA), 18 U.S.C. § 2701 *et seq*. Plaintiff's claims arise from a joint task force investigation that involved the receipt of certain information about Plaintiff from his cell phone, eventually resulting in Plaintiffs' arrest for the murder of his former girlfriend. On July 26, 2012, Plaintiff was allowed to proceed on his claims against Sprint-Nextel, Inc., Chezaray Hick-Jackson, Gregory Jacobson, the City of Chicago, and the Federal Bureau of Investigations. Defendants Sprint-Nextel and Hick-Jackson have moved to dismiss the complaint for lack of personal jurisdiction and improper service. Defendants Jacobson Jackson and the City of Chicago have moved to dismiss the complaint for failure to state a claim and because the claims are time-barred. A briefing schedule as to all motions to dismiss was put into place, with Plaintiff's response to the motions to dismiss being due by February 28, 2013. Plaintiff did not respond to the motions to dismiss but did file a motion for leave to file an amended complaint and he submitted a proposed amended complaint. Plaintiff's motion and amended complaint do not address the motions to dismiss; instead, Plaintiff seeks to add additional Defendants and claims related to recordings of his cell phone calls in September 2007. The Court addresses Jacobson's and the City of Chicago's motion to dismiss based on the state of limitations as it is determinative of all the pending motions.

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). However, a plaintiff can plead himself out of court by pleading facts that undermine the claims in the complaint. *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005).

Plaintiff alleges that on September 21, 2007, he was contacted by Chicago Police Detective Jacobson regarding an investigation into the murder of his former girlfriend. On September 21, 2007, Jacobson and other F.B.I. agents obtained Plaintiff's cell phone records and cell site location information through Plaintiff's cell phone carrier. That same day, other Chicago police officers/F.B.I. agents and a friend of Plaintiff's recorded Plaintiff's cell phone conversations without his consent. On October 5, 2007, Jacobson and F.B.I. agents again obtained information related to Plaintiff's cell phone usage and location in violation of his constitutional rights and the SCA. Plaintiff was shortly thereafter arrested for the murder of his former girlfriend and is awaiting trial in state court.

Plaintiff's claims based on violations of his constitutional rights are brought pursuant to 42 U.S.C. § 1983. Section 1983 claims are governed by the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471

| STATEMENT |
|---|

U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In Illinois, the limitations period for a Section 1983 claim is two years. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Plaintiff's claims under the SCA also have a two-year statute of limitations period. 18 U.S.C. § 2707(f). A claim under the SCA "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Thus, all of Plaintiff's claims have a two-year limitations period.

Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). The statute of limitations begins to run when the person has "knowledge of facts that would lead a reasonable person to investigate the possibility that [his] legal rights had been infringed[.]" *LaSalle V. Medco Research Inc.*, 54 F.3d 443, 446 (7th Cir. 1995); *see also, CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002). The claim accrues even if the victim does not know he is legally entitled to recover at the time of the injury. *See Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002).

As indicated, Plaintiff did not respond to Defendants' motion to dismiss based on the timeliness of his suit. The conduct forming the basis of Plaintiff's claims occurred from September 13, 2007 through October 5, 2007. Thus, the statute of limitations began to run on October 5, 2007, and would have expired on October 5, 2009. Plaintiff alleges in his complaint that his suit is timely because the records that informed him of the Defendants' actions were under seal from October 2008 until mid-2012. In his amended complaint, he states that he "was indeed aware that the defendants disclosed and obtained his historic cellular site location information and other records, the Plaintiff was not made aware that the defendant(s) had violated the above mentioned statutory requirements for disclosure." Plaintiff's allegations demonstrate that his claims are time-barred.

Plaintiff's alleges that he did not have actual knowledge of the violations until mid-2012 when he received certain documents. However, actual knowledge of the violation is not required; instead, the statute and Section 1983 demands only that the claimant had a reasonable opportunity to discover the violations. *See Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998). Plaintiff's allegations demonstrate that the records related to his state criminal case were not placed under seal until October 2008, a year after the alleged conduct and his arrest. Thus, the fact that the records were later placed under seal did not prevent Plaintiff from having the opportunity to discover the violation. More importantly, Plaintiff concedes that he "was indeed aware that the defendants disclosed and obtained his historic cellular site location information and other records," thus, he knew of the Defendants' conduct – he just did not know it was a violation of his rights. While he did not have "actual" knowledge of the violation, actual knowledge is not required. The information that Plaintiff knew was enough to put him on inquiry notice that his rights may have been violated. *See Davis*, 149 F.3d at 618 (plaintiff's knowledge that something had been taped, even though it might not have been a telephone conversation, was enough to put plaintiff on inquiry notice that a violation may have occurred); *see also Sellars*, 80 F.3d at 245 (the statute of limitations does not accrue from the time the evidence of the claim becomes available; rather, it accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim). This is further highlighted by the intense media coverage that Plaintiff does not deny surrounded the murder of Plaintiff's former girlfriend that included details of the Defendants' conduct and the use of Plaintiff's cell phone information in his arrest for that murder. *See* Eric Zorn, *How the FBI Tracked and Allegedly Trapped Reginald Potts Using His Cell Phone*, Chicago Tribune, Dec. 13, 2007 (Exhibit A of Defendants' motion to dismiss); *see Lehman v. Village of Oak Park, Ill.*, 420 F. Supp. 2d 892, 895-96 (N.D. Ill. 2006) (taking judicial notice of *Chicago Tribune* article).

Based on the facts pled, all of Plaintiff's claims based on the Defendants' conduct in September/October 2007 related to his cell phone are time-barred. Accordingly, allowing Plaintiff to amend his complaint to add additional Defendants/claims based on the same conduct and time frame would be futile.

For the foregoing reasons, the City of Chicago's and Gregory Jacobson's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice as untimely under the applicable statutes of limitations. Plaintiff's motion for leave to amend his complaint is denied. Defendant Sprint Nextel, Inc.'s and Chezaray Hicks-Jackson's motions to dismiss are denied without prejudice as moot. This case is closed.